## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

DANNY BURTON,
    Plaintiff,

Case No.: 2:20-cv-11948
Hon. Paul D. Borman

- vs -

CITY OF DETROIT, DETROIT POLICE DEPARTMENT, and RONALD SANDERS,
    Defendants.

_____/

EXCOLO LAW, PLLC
Solomon M. Radner (P73653)
Attorney for Plaintiff
26700 Lahser Rd., Ste. 48033
Southfield, MI 48033
(248) 291-9712
sradner@excololaw.com

CITY OF DETROIT LAW DEPARTMENT
Gregory B. Paddison (P75963)
Attorney for Municipal Defendants
Coleman A. Young Municipal Center
2 Woodward Ave., Ste. 500
Detroit, MI 48226
(313) 237-0435
paddisong@detroitmi.gov

_____/

## DEFENDANT, RONALD SANDERS' ANSWER TO PLAINTIFF'S COMPLAINT, RELIANCE UPON JURY DEMAND, SPECIAL AND AFFIRMATIVE DEFENSES, AND DEMAND FOR REPLY

NOW COMES, Defendant, RONALD SANDERS, by and through his attorney, Gregory B. Paddison, whom, pursuant to Section 13-11-1 of the Detroit City Code, reserves the right to withdraw as Counsel for RONALD SANDERS, in the event that his or her representation request is not approved by the Detroit City Council, and for his Answer to Plaintiff's Amended Complaint, Reliance Upon Jury Demand, Special and Affirmative Defenses, and Demand for Reply, states as follows:

### JURISDICTION AND VENUE

1. Defendant, RONALD SANDERS, neither admits, nor denies, the allegations of Paragraph 1, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to his proofs.

2. Defendant neither admits, nor denies, the allegations of Paragraph 2, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to his proofs.

3. Defendant denies the allegations of Paragraph 3, as to himself only.

4. Defendant neither admits, nor denies, the allegations of Paragraph 4, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to his proofs.

5. Defendant neither admits, nor denies, the allegations of Paragraph 5, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to his proofs.

6. Defendant admits the allegations of Paragraph 6.

7. Defendant neither admits, nor denies, the allegations of Paragraph 7, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to his proofs.

8. [*sic*].

## STATEMENT OF FACTS – GENERAL ALLEGATIONS

Defendant hereby restates all prior responses by reference as if restated fully

hereinafter.

9.  No response is necessary, as the document referenced in Paragraph 9, presumably speaks for itself.

10. Defendant neither admits, nor denies, the allegations of Paragraph 10, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to his proofs.

11. Defendant neither admits, nor denies, the allegations of Paragraph 11, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to his proofs.

12. Defendant denies the compound allegations of Paragraph 12, as the allegations stated therein are patently untrue.

13. No response is necessary, as the document referenced in Paragraph 13, presumably speaks for itself.

## RAMPANT CONSTITUTIONAL VIOLATIONS

Defendant hereby restates all prior responses by reference as if restated fully hereinafter.

14. Defendant neither admits, nor denies, the allegations of Paragraph 14, for lack of sufficient information upon which he may formulate a response, but leaves Plaintiff to his proofs.

15. Defendant admits the allegations of Paragraph 15.

3

16. Defendant denies the allegations of Paragraph 16, as the allegations stated therein are patently untrue.

17. Defendant denies the allegations of Paragraph 17, as the allegations stated therein are patently untrue.

18. Defendant denies the allegations of Paragraph 18, as the allegations stated therein are patently untrue.

19. Defendant denies the allegations of Paragraph 19, as the allegations stated therein are patently untrue.

20. Defendant denies the allegations of Paragraph 20, as the allegations stated therein are patently untrue.

21. Defendant denies the allegations of Paragraph 21, as the allegations stated therein are patently untrue.

22. Defendant denies the allegations of Paragraph 22, as the allegations stated therein are patently untrue.

23. Defendant denies the allegations of Paragraph 23, as the allegations stated therein are patently untrue.

24. Defendant denies the allegations of Paragraph 24, as to himself only, as the allegations stated therein are patently untrue.

25. Defendant denies the allegations of Paragraph 25, as the allegations stated therein are patently untrue.

26. Defendant denies the allegations of Paragraph 26, as to himself only, as the allegations stated therein are patently untrue.

27. Defendant admits the allegations of Paragraph 27.

28. Defendant denies the allegations of Paragraph 28, as the allegations stated therein are patently untrue.

29. Defendant denies the allegations of Paragraph 29, as to himself only, as the allegations stated therein are patently untrue.

30. Defendant denies the allegations of Paragraph 30, as to himself only, as the allegations stated therein are patently untrue.

31. Defendant denies the allegations of Paragraph 31, as the allegations stated therein are patently untrue.

32. Defendant denies the allegations of Paragraph 32, as the allegations stated therein are patently untrue.

33. Defendant denies the allegations of Paragraph 33, as the allegations stated therein are patently untrue.

34. Defendant denies the allegations of Paragraph 34, as to himself only, as the allegations stated therein are patently untrue.

35. Defendant denies the allegations of Paragraph 35, as to himself only, as the allegations stated therein are patently untrue.

### DETROIT'S CUSTOMS AND POLICIES THAT LED TO PLAINTIFF'S WRONGFUL CONVICTION

Defendant hereby restates all prior responses by reference as if restated fully hereinafter.

36. Defendant denies the allegations of Paragraph 36, as to himself only, as the allegations stated therein are patently untrue.

37. Defendant denies the allegations of Paragraph 37(a-c), as to himself only, as the allegations stated therein are patently untrue.

38. Defendant denies the allegations of Paragraph 38, as to himself only, as the allegations stated therein are patently untrue.

39. Defendant denies the allegations of Paragraph 39, as to himself only, as the allegations stated therein are patently untrue.

40. Defendant denies the allegations of Paragraph 40(a-l), as to himself only, as the allegations stated therein are patently untrue.

41. Defendant denies the allegations of Paragraph 41, as to himself only, as the allegations stated therein are patently untrue.

### COUNT I – CONSTITUTIONAL VIOLATIONS BY ALL DEFENDANTS BROUGHT PURSUANT TO 42 USC § 1983 AND THE FOURTH, FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS

42. Defendant hereby restates all prior responses by reference as if restated fully hereinafter.

43. Defendant denies the allegations of Paragraph 43, as to himself only, as the allegations stated therein are patently untrue.

44. Defendant denies the allegations of Paragraph 44, as to himself only, as the allegations stated therein are patently untrue.

45. Defendant admits the allegations of Paragraph 45.

46. Defendant admits the allegations of Paragraph 46.

47. Defendant denies the allegations of Paragraph 47, as to himself only, as the allegations stated therein are patently untrue.

48. [*sic*].

49. Defendant denies the allegations of Paragraph 49, as to himself only, as the allegations stated therein are patently untrue.

50. Defendant denies the allegations of Paragraph 50, as to himself only, as the allegations stated therein are patently untrue.

51. Defendant denies the allegations of Paragraph 51, as to himself only, as the allegations stated therein are patently untrue.

52. Defendant denies the allegations of Paragraph 52, as to himself only, as the allegations stated therein are patently untrue.

53. Defendant denies the allegations of Paragraph 53, as to himself only, as the allegations stated therein are patently untrue.

54. Defendant denies the allegations of Paragraph 54, as to himself only, as the allegations stated therein are patently untrue.

55. Defendant denies the allegations of Paragraph 55, as to himself only, as the

allegations stated therein are patently untrue.

56. Defendant denies the allegations of Paragraph 56, as to himself only, as the allegations stated therein are patently untrue.

57. Defendant denies the allegations of Paragraph 57, as to himself only, as the allegations stated therein are patently untrue.

58. Defendant denies the allegations of Paragraph 58, as to himself only, as the allegations stated therein are patently untrue.

59. Defendant denies the allegations of Paragraph 59, as to himself only, as the allegations stated therein are patently untrue.

60. Defendant denies the allegations of Paragraph 60, as to himself only, as the allegations stated therein are patently untrue.

61. Defendant denies the allegations of Paragraph 61, as to himself only, as the allegations stated therein are patently untrue.

62. Defendant denies the allegations of Paragraph 62, as to himself only, as the allegations stated therein are patently untrue.

63. Defendant denies the allegations of Paragraph 63, as to himself only, as the allegations stated therein are patently untrue.

64. Defendant denies the allegations of Paragraph 64, as to himself only, as the allegations stated therein are patently untrue.

65. Defendant denies the allegations of Paragraph 65, as to himself only, as the

allegations stated therein are patently untrue.

66. Defendant denies the allegations of Paragraph 66, as to himself only, as the allegations stated therein are patently untrue.

67. Defendant denies the allegations of Paragraph 67, as to himself only, as the allegations stated therein are patently untrue.

WHEREFORE, Defendant, RONALD SANDERS, respectfully request that this Honorable Court enter a judgment no cause of action, or in the alternative, that the present cause be dismissed, with prejudice, with costs and attorneys' fees awarded to Defendant.

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

Dated: October 19, 2020            /s/    Gregory B. Paddison
                                          Gregory B. Paddison (P75963)
                                          Attorney for Defendants

## RELIANCE ON JURY DEMAND

NOW COMES, Defendant, RONALD SANDERS, by and through his attorney, Gregory B. Paddison, and hereby gives notice of his reliance on Plaintiff's demand for trial by jury.

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

Dated: October 19, 2020            /s/    Gregory B. Paddison
                                          Gregory B. Paddison (P75963)
                                          Attorney for Defendants

9

<u>**DEMAND FOR COMPULSORY JOINDER**</u>

NOW COMES, Defendant, RONALD SANDERS, by and through his attorney, Gregory B. Paddison, and demands that Plaintiff join any and all claims arising out of the transactions, acts, or occurrences, allegedly giving rise to the present action.

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

Dated: October 19, 2020          /s/     Gregory B. Paddison
Gregory B. Paddison (P75963)
Attorney for Defendants

<u>**SPECIAL AND AFFIRMATIVE DEFENSES**</u>

NOW COMES, Defendant, RONALD SANDERS, by and through his attorney, Gregory B. Paddison, and states his Special and Affirmative Defenses as follows:

1. That Defendant, RONALD SANDERS, is individually immune pursuant to MCL § 691.1404 *et seq*. for the following reasons:

    a. That RONALD SANDERS is an employee of CITY OF DETROIT and was working in the course of his employment and within the scope of his authority when the incident allegedly occurred;

    b. That CITY OF DETROIT is, and was at the time the incident allegedly occurred, a governmental agency;

    c. That at the time of the alleged incident herein complained of, CITY OF DETROIT was engaged in the exercise or discharge of a governmental function; and

    d. That RONALD SANDERS' conduct did not amount to gross negligence that was the proximate cause of the alleged injury or damage.

10

2. Plaintiff has failed to set forth a cause of action upon which relief can be granted.

3. Plaintiff has failed to mitigate their alleged damages.

4. The Defendant is, or may be, without jurisdiction.

5. Plaintiff's claims are, or may be barred by the applicable statute of limitations.

6. Plaintiff's claims are, or may be barred for failure to exhaust statutory, administrative, and/or other available remedies.

7. Plaintiff has failed to join every legal or equitable claim which arises out of the alleged transaction or occurrence which is the subject matter of Plaintiff's instant action.

8. RONALD SANDERS was, at all times alleged in Plaintiff's Complaint, a duly qualified, appointed and acting Police Officer of CITY OF DETROIT and Peace Officer of the State of Michigan, and that all times alleged in Plaintiff's Complaint, RONALD SANDERS was engaged in the performance of his regularly assigned duties as such.

9. That RONALD SANDERS, at all times alleged in Plaintiff's Complaint, acted in good faith and without malice and within the scope of his or her duties as a Police Officer of CITY OF DETROIT and Peace Officer of the State of Michigan.

10. That any alleged injuries to Plaintiff was due to and cause by the negligence and/or omission of the Plaintiff to care for himself or herself which

carelessness, and/or negligence, and/or omissions were the proximate cause of the damage, if any, to the Plaintiff.

11. That any injuries or damages suffered by Plaintiff was caused by reason of Plaintiff's wrongful acts and conduct and/or the willful resistance to a Peace Officer in the discharge, and/or attempt to discharge his or her office, and not by reason of any unlawful acts of omissions of RONALD SANDERS.

12. The actions of RONALD SANDERS were lawful and proper, and probable cause existed for the execution of the search warrant and for the arrest of Plaintiff.

13. The actions of RONALD SANDERS were reasonable, proper and legal.

14. RONALD SANDERS had reasonable cause to believe that an offense had been committed and that Plaintiff had committed the offense.

15. If the Plaintiff sustained any injuries, damage, or loss, the same was solely and proximately occasioned by the carelessness, heedlessness and negligence of the Plaintiff in failing to act in a reasonable, prudent manner, acting without due care and circumspection and in a manner dangerous to or likely to endanger Plaintiff's own safety, and not because of any act or omission of, or chargeable to, RONALD SANDERS.

16. RONALD SANDERS, by and through his undersigned counsel, does not waive any deficiency or omission in any pleadings heretofore or hereafter filed by any other party to the above-captioned matter, and hereby reserves the right

to assert and file any additional affirmative and special defenses as may become known through discovery proceedings in accordance with the rules and practices of this Court, or otherwise.

WHEREFORE, Defendant, RONALD SANDERS, respectfully requests that this Honorable Court enter a judgment no cause of action, or in the alternative, that the present cause be dismissed, with prejudice, with costs and attorneys' fees awarded to Defendant.

## DEMAND FOR REPLY

Defendant, RONALD SANDERS, demand a reply to each and every Affirmative Defense set forth herein.

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

Dated: October 19, 2020         /s/     Gregory B. Paddison
                                        Gregory B. Paddison (P75963)
                                        Attorney for Defendants